16-2608-cr
United States v. Piton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JOHN F. KEENAN,
*District Judge*.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 No. 16-2608-cr

ALAIN PITON, AKA Sealed Defendant 1,

*Defendant-Appellant*.

-----------------------------------------------------------------

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                     Matthew D. Myers, Myers, Singer & Galiardo, LLP, New York, NY.

FOR APPELLEE:                     Negar Tekeei, Anna M. Skotko, Assistant United States Attorneys, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Alain Piton appeals from a judgment of the District Court (Preska, J.) convicting him, after a jury trial and denials of his motions for a judgment of acquittal, of one count of mail theft in violation of 18 U.S.C. § 1708, and one count of conspiracy to commit mail theft in violation of 18 U.S.C. § 371. On appeal, Piton argues that the trial evidence was insufficient to sustain his convictions and that the District Court lacked a sufficient factual basis to instruct the jury on conscious avoidance. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Sufficiency of the Evidence

A defendant who challenges the sufficiency of the evidence supporting a conviction "bears a heavy burden." United States v. Griffith, 284 F.3d 338, 348 (2d Cir. 2002). We "must sustain the jury's guilty verdict if viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Heras, 609 F.3d 101, 105 (2d Cir. 2010) (quotation marks omitted).

Piton argues that there was insufficient evidence for a jury to find beyond a reasonable doubt that the checks recovered from his apartment were stolen from the mail; that he possessed them with knowledge that they had been stolen from the mail; that he acted with the intent to contribute to the success of the mail theft scheme; and that he agreed with another person to steal checks from the mail.

Based on our review of the trial record, including evidence recovered from Piton's home and cellphone, Piton's post-arrest statements, and the testimony of various witnesses, we conclude that there was overwhelming evidence to support the jury's findings on each of these elements.

## 2. Jury Instructions

Piton's argument concerning the District Court's conscious avoidance instruction is essentially that there was not enough evidence for a rational juror to find beyond a reasonable doubt that he was aware of a high probability that the checks recovered from his apartment were stolen from the mail, such that the District Court lacked the factual predicate to give the jury a conscious avoidance instruction. The challenge is merely a variation on the sufficiency argument that we have already rejected. See United States v. Aina-Marshall, 336 F.3d 167, 171 (2d Cir. 2003).

We have considered Piton's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4